# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIAN ANTHONY LUCAS, | : | |
| | : | 4:09-cv-1619 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| SUSAN J. FORNEY, | : | |
| PA ATTORNEY GENERAL, and | : | |
| PATRICK S. CAWLEY, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

## October 22, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 8), filed on October 6, 2009, which recommends that the petition of Darian Anthony Lucas ("Petitioner" or "Lucas"), for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Lucas filed objections to the report (Doc. 10) on October 14, 2009. The Respondents have not filed objections, nor have they responded to Petitioner's objections. Nonetheless, the issue is ripe for disposition. For the reasons set forth

1

below, the Court will adopt the Magistrate Judge's recommendation and dismiss the petition.

I. **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II. **FACTUAL BACKGROUND**

On March 9, 1998, Petitioner filed a civil action in this Court claiming various violations of his civil rights by officials at SCI-Dallas. (*See* Civil Action

No. 3:98-cv-393, Doc. 1). A jury trial was held and judgment was entered in favor of the remaining defendants.[1] (*See* Civil Action No. 3:98-cv-393, Doc. 185).

The Petitioner filed a notice of appeal in the United States Court of Appeals for the Third Circuit. (Civil Action No. 3:98-cv-393, Doc. 186). Petitioner was initially permitted to proceed on his appeal *in forma pauperis*. (Civil Action No. 3:98-cv-393, Doc. 191). However, the Third circuit subsequently denied the Petitioner's application to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), because the Petitioner had at least three prior civil actions dismissed as being frivolous or for failure to state a claim. (Civil Action No. 3:98-cv-393, Doc. 192). On November 19, 2003, the Petitioner's appeal was dismissed for his failure to timely prosecute. (Civil Action No. 3:98-cv-393, Doc. 193). Thereafter, the Petitioner attempted to revive the action in this Court. (Civil Action No. 3:98-cv-393, Doc. 200). By order dated June 10, 2004, we directed that no further filings would be accepted in the mater. (Civil Action No. 3:98-cv-393, Doc. 202). Just this past July, the Petitioner again attempted to revive the matter in this Court, and was informed by the Clerk that no further filings would be accepted in this matter. (Civil Action No. 3:98-cv-393, Docs. 254-256).

---

[1] Some of the originally named defendants were disposed of through pre-trial motions. (*See* Civil Action No. 3:98-cv-393, Doc. 140).

On April 21, 2009, the Petitioner filed the instant habeas corpus petition, which directly relates to the previous action. It is clear from a review of the instant petition, that Petitioner is once again seeking to revive Civil Action No. 3:98-cv-393, through the mechanism of habeas corpus.[2]

## III. DISCUSSION

On October 6, 2009, Magistrate Judge Mannion entered a R&R advising that the petition be dismissed. This determination was based on Magistrate Judge Mannion's conclusion that the petition for habeas corpus related directly to Petitioner's previously filed civil action and did not challenge the fact or duration of his confinement.

Petitioner's objections to the R&R do not seem to directly relate to the Magistrate Judge's reasoning for the recommendation to dismiss the petition. Petitioner's objections are essentially a brief reiteration of the allegations contained in his Petition, and they relate to the conduct of the named individual respondents with regards to the previously filed civil action.

In the instant petition for habeas corpus, Petitioner does not challenge the fact or duration of his confinement. Instead, he raises two grounds for relief, both

---

[2] Also on today's date, we dismissed a petition for mandamus filed by Petitioner that seeks essentially the same relief as is sought on the instant petition for habeas corpus. That case, captioned *Lucas v. Cawley*, is docketed at 4:09-cv-1850.

relating to alleged breaches of agreements made in the previously filed civil rights action. It is wholly evident that the relief sought by Petitioner is not a properly asserted claim for habeas corpus relief. Moreover, and as aptly noted by the Magistrate Judge, to the extent that the Petitioner's claims directly relate to his previous civil rights action, he has been barred from filing any additional documentation in that matter.

Accordingly, we shall overrule the Petitioner's objections to the R&R and adopt the well-reasoned R&R in its entirety. We shall dismiss as moot Petitioner's pending motions to expand the record and to appoint a master (Docs. 2 and 6), in light of the dismissal of the petition. Further, we shall dismiss as moot Petitioner's Motion to Strike Supplemental Record of the Government (Doc. 9), which was filed subsequent to the issuance of the R&R. An appropriate order shall issue.